IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN<br>1357 Gypsy Hill Road<br>Gwynedd Valley, PA  19437 | : <br>:<br>:<br>: | NO. 02-CV-3747 |
| vs. | :<br>: | |
| ENVIRONMENTAL INC.<br>91 Landing Road<br>Newport, NJ  08345 | :<br>:<br>:<br>: | |
| and | :<br>: | |
| ENVIRONMENTAL HAZARD SERVICES, INC.<br>91 Landing Road<br>Newport, NJ  08345 | :<br>:<br>: | JURY TRIAL DEMANDED |

## C O M P L A I N T

**I.** **Parties**

1. Plaintiff, Executive Car Wash of Maple Glen, Inc. ("Executive") is a Pennsylvania corporation with its principal place of business at 1357 Gypsy Hill Road, Gwynedd Valley, Pennsylvania 19437.

2. Defendant, Environmental, Inc. ("Environmental") is a non-Pennsylvania corporation with its principal place of business at 91 Landing Road, Newport, New Jersey 08345.

3. Defendant, Environmental Hazard Services, Inc. ("Hazard") was a non-Pennsylvania corporation with its last known address at 91 Landing Road, Newport, New Jersey 08345.

4. Upon information and belief, Environmental is the successor to Hazard.

123092 v2

## II.  Jurisdiction and Venue

5.  This is an action between citizens of different states.  The matter in controversy exceeds the sum or value of $75,000.00, exclusive of all costs.  This Court therefore has jurisdiction of this matter by virtue of 28 U.S.C. §1332(a)(1).  The United States Code, 28 U.S.C. §1367(a), provides supplemental jurisdiction by the District Court over the state claims contained in this Complaint.  By reason of the foregoing, the present action is properly before this Court.

6.  A substantial part of the events or omissions giving rise to the claim in this action occurred in this judicial district.  Venue is therefore properly laid within this judicial district pursuant to 28 U.S.C. §1391(a)(2).

## III.  Facts

7.  In the Fall of 1992, Executive was investigating refinancing a car wash located at Limekiln Pike and Welsh Road in Maple Glen, Pennsylvania (the "Premises").

8.  As part of that investigation, and as a condition for its financing necessary to purchase the property, Executive contracted with Hazard to perform a Phase I environmental site assessment on the Premises.

9.  That Phase I environmental site assessment was completed on or about December 10, 1992.  As part of that environmental site assessment, Hazard conducted a site survey utilizing a Fero Magnetic Locator to identify buried metal objects.

10. Hazard found no evidence of underground storage tanks, fill caps, vent pipes, concrete pads or distribution equipment, except for a small underground heating oil storage tank.

11. Hazard found that any soil contamination was within acceptable limits.

12. In reliance on that environmental site assessment, Executive purchased the Premises for the purpose of a car wash.

13. Hazard failed to discover that three (3) 10,000 gallon tanks and accompanying soil contamination remained on the Premises.

14. Executive did not discover the presence of these underground storage tanks and accompanying contamination until it attempted to sell the Premises in the Fall of 2000.

15. As part of the preparations for that sale, Executive contracted with Environmental to conduct, *inter alia*, a subsurface investigation of the property.

16. During this work performed on the Premises by Environmental, three (3) 10,000 gallon tanks filled with concrete with visible soil contamination on top of the tank field, on the sides and beneath the tanks were found.

17. Executive could not have discovered the presence of these underground tanks or the accompanying underground contamination until October 2000 when Environmental performed its examination.

18. Upon information and belief, Environmental is the successor organization to Hazard.

## COUNT I
## Breach of Contract
## vs. Environmental and Hazard

19. The allegations in Paragraphs 1 through 18 are incorporated herein by reference as fully set forth therein.

20. Executive entered into an agreement with Hazard in 1992 to conduct an inspection of the property to ascertain, *inter alia*, the existence of underground storage tanks and soil contamination.

21. At all times, Executive fulfilled its contractual obligations, that is, made the site available for inspection and paid Hazard for its services.

22. Hazard breached its contract with Executive by failing to conduct the site examination contracted for, which included locating underground storage tanks and accompanying contamination.

23. Because of this breach, which could not have been discovered in the exercise of due diligence until another survey was conducted in October of 2000, Executive purchased the Premises at a price that did not account for the existence of underground storage tanks and soil contamination, was forced to incur not inconsiderable expense in remediating the property suffered damages occasioned by delay in the sale of the property, suffered damages occasioned as of the inability to do business, and received a lower sale price than originally agreed upon suffering a loss in excess of $300,000.

**WHEREFORE,** Plaintiff, Executive Car Wash, demands judgment in its favor and against Environmental Inc. and Environmental Hazard Services, Inc. in an amount in excess of $75,000.00, plus interests, costs and attorneys' fees.

## COUNT II
### Negligence

24. The allegations in Paragraphs 1 through 23 are incorporated herein by reference as fully set forth therein.

25. By failing to locate the three (3) underground storage tanks and the accompanying contamination, and by failing to advise the Plaintiff of the existence of the same, Hazard and its successor, Environmental, negligently performed the work associated with the site assessment.

26. In the exercise of reasonable diligence, Plaintiff could not have ascertained knowledge of this negligent conduct until October of 2000 when it had another assessment performed when these underground conditions were discovered.

27. The Defendants' failure as noted above constitutes a negligent breach of its duties to the Plaintiff, resulting in damages to the Plaintiff incurred when Executive purchased the Premises at a price that did not account for the existence of underground storage tanks and contamination, when Executive had to remediate the Premises, when Executive suffered delays in the sale of the Premises, when Executive could not do business, and when Executive received a lower price for the property.

**WHEREFORE,** Plaintiff, Executive Car Wash, demands judgment in its favor and against Environmental Inc. and Environmental Hazard Services, Inc. in an amount in excess of $75,000.00, plus interests, costs and attorneys' fees.

### COUNT III
### Professional Malpractice

28. The allegations in Paragraphs 1 through 27 are incorporated herein by reference as fully set forth therein.

29. The actions of Environmental and Hazard were intentional, reckless, grossly negligent, unlawful, outrageous and wanton, necessitating the imposition of punitive damages.

30. Defendants had a duty to act in a professional manner and with due diligence in regard to the work performed for Plaintiff.

31. As demonstrated above, Defendants breached their duty to Plaintiff as a result of both negligent and intentional acts.

32. As a direct and proximate result of this breach, Plaintiff suffered damages as described above.

**WHEREFORE,** Plaintiff, Executive Car Wash, demands judgment in its favor and against Environmental Inc. and Environmental Hazard Services, Inc. in an amount in excess of $75,000.00, plus interests, costs and attorneys' fees.

### COUNT IV
### Negligent Representation

33. The allegations in Paragraphs 1 through 32 are incorporated herein by reference as fully set forth therein.

34. Defendants, in the course of their business profession of employment, supplied false information to the Plaintiff, to wit, concerning the existence of these underground storage tanks and the existence of this underground contamination.

35. This information was provided to the Plaintiff for the guidance of Plaintiff in their business transactions.

36. Plaintiff justifiably relied on this information.

37. These Defendants failed to exercise reasonable care or competence in obtaining and communicating this information.

38. Plaintiff was damaged by this reliance as aforesaid.

**WHEREFORE,** Plaintiff, Executive Car Wash, demands judgment in its favor and against Environmental Inc. and Environmental Hazard Services, Inc. in an amount in excess of $75,000.00, plus interests, costs and attorneys' fees.

                              FLAMM, BOROFF & BACINE, P.C.

Date: June ____, 2002        By:_____
                                     Steven Kapustin
                                     Attorney I.D. #17981
                                     Attorneys for Plaintiff
                                     925 Harvest Drive, Suite 220
                                     Blue Bell, PA  19422
                                     215-239-6000