IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EXECUTIVE CAR WASH OF    :           CIVIL ACTION
MAPLE GLEN                 :
                               :
                               :
       v.                :
                               :           NO. 02-CV-3747
                               :
ENVIRONMENTAL, INC.     :

## SCHEDULING ORDER

AND NOW, this 28th day of March, 2003, it is ORDERED as follows:

1.     Any third party complaint filed by Defendant shall be filed no later than April 14, 2003.

2.     Plaintiff's Motion To Compel Discovery (Doc. No. 7) is GRANTED.  Defendant shall file full and complete answers to Plaintiff's Interrogatories and produce all documents responsive to the Request for Production of Documents Directed to Defendants on or before April 28, 2003.

3.     All discovery, expert and otherwise, shall be completed no later than July 28th, 2003.

4.     All dispositive motions shall be filed no later than August 11, 2003.  Responses to dispositive motions shall be filed no later than August 25, 2003.

5.     A final pretrial conference is scheduled for October 14, 2003 at 11:00 a.m. in Chambers.

1

6.      Trial is scheduled for October 20, 2003 at 9:30 a.m. Courtroom to be assigned. All counsel are attached for trial.

7.      On or before October 6, 2003, each party shall serve upon every other party:

a.      A copy of each exhibit the party expects to offer at trial in furtherance of its respective contentions.  Each party shall mark its trial exhibits with consecutive numbers prefixed with an identifying letter of counsel's choice (i.e., P-1, P-2, D-1, D-2);

b.      A list which shall include the name and address of each witness who will testify at trial and a brief statement of the testimony that each witness is expected to provide.

8.      On or before October 13, 2003, each party shall submit the following to Chambers (Room 5118):

a.      Proposed voir dire questions and proposed jury interrogatories;

b.      A list of all exhibits to be offered at trial and a list of all witnesses who will appear at trial;

c.      Two (2) copies of a trial memorandum setting forth the legal issues, claims, and defenses involved in the case, with the principal constitutional, statutory, regulatory and decisional authority relied upon, and a list of every item of damages claimed under a separate descriptive heading (e.g. personal injury, wrongful death, survival, loss of profits, loss of wages loss or earnings, loss of future earning capacity, libel, slander, deprivation of civil rights, property damage, pain, suffering, itemized medical expenses, balance due under contract, interest, etc...), including a detailed description of each item and the amount of damages claimed;

d.      A joint written statement of the case which shall contain (1) a brief statement of the facts; (2) a brief statement of plaintiff's causes of action and the essential

2

elements of each cause of action; and (3) a brief statement of the defenses to plaintiff's claims and the essential elements of each affirmative defense. The statement of the case shall not exceed three (3) pages; and

e.    A detailed summary of the qualifications of each expert witness the party intends to call at trial, and a copy of the expert witness report.

9.    On or before October 13, 2003, the parties shall file one (1) complete set of **agreed upon** jury instructions. If the parties are unable to agree upon certain jury instructions, the party proposing an instruction shall file, in addition to the agreed upon set of jury instructions, one (1) copy of the proposed instruction and its citation of authority, and the party opposing the instruction shall submit to the court one (1) copy specific objection, citation or authority, and proposed alternatives. Jury instructions shall provide citations of authority for each point and be in the form of one point per page. If a model jury instruction taken, for example, from Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>; or Sand, <u>Modern Federal Jury Instructions</u> is submitted, the party shall state whether the proposed jury instruction is unchanged or modified. If a party modifies a model jury instruction, additions shall be underlined and deletions shall be placed in bold type. The jury instructions submitted by the parties shall cover all claims either party intends to bring at trial.

10.    The unavailability of any witness, as defined in Federal Rule of Civil Procedure 32 (a)(3), will not be a ground to delay the commencement or progress of an ongoing trial. The Court therefore expects the use at trial of oral or videotape depositions of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. In the event a deposition is to be offered, the offering party

3

shall file with the Court a copy of the deposition transcript on or before October 13, 2003. An effort shall be made by the parties to resolve all objections to oral or videotaped deposition testimony. Unresolved objections shall be noted in the margin of the deposition indicating that a court ruling is necessary and a separate list of such objections by page number and line shall accompany the transcript.

11.     At commencement of trial, the parties shall submit to the Court one (1) copy of each exhibit and one (1) copy of a schedule of exhibits which shall briefly describe each exhibit.

Originals of all filing required under the Order shall be filed with the Clerk of Court, and a courtesy of the same shall be submitted to the Chambers of the Honorable R. Barclay Surrick (Room 5118).

IT IS SO ORDERED.


BY THE COURT:


_____
R. Barclay Surrick, Judge

4