IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN<br><br>vs<br><br>EHS ENVIRONMENTAL, INC.<br><br>and<br><br>ENVIRONMENTAL HAZARD SERVICES, INC.<br><br>vs.<br><br>ATLANTIC PETROLEUM TECHNOLOGIES, INC. | NO. 02-CV-3747 |

**<u>ORDER</u>**

AND NOW, this _____ day _____, 2003 upon consideration of Plaintiff's Motion for Relief for Failure of Defendant to Comply with Discovery Order, and Response of Defendant's, EHS Environmental, Inc. and Environmental Hazard Services, Inc., it is hereby Ordered that said Motion is DENIED. It is further Ordered that Defendants, EHS Environmental, Inc. and Environmental Services, Inc., shall provide discovery responses within fifteen (15) days of this Order.

_____
                                                                **J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN<br><br>   vs<br><br>EHS ENVIRONMENTAL, INC.<br><br>   and<br><br>ENVIRONMENTAL HAZARD SERVICES, INC.<br><br>   vs.<br><br>ATLANTIC PETROLEUM TECHNOLOGIES, INC. | NO. 02-CV-3747 |

**RESPONSE OF DEFENDANTS, EHS ENVIRONMENTAL, INC. AND ENVIRONMENTAL HAZARD SERVICES, INC. TO PLAINTIFF'S MOTION FOR RELIEF FOR FAILURE OF DEFENDANT TO COMPLY WITH COURT ORDER**

Defendants, EHS Environmental, Inc. and Environmental Services, Inc., by their attorneys, Sean P. Buggy, Esquire and Naulty, Scaricamazza & McDevitt, hereby file this response in opposition to plaintiff's Motion for Relief and in support thereof aver as follows:

1. Admitted.

2. Admitted.

3. Admittted.

4. Admitted.

5. Denied. Answering Defendants do not waive potential objections to Plaintiff's discovery requests.

6. Admitted.

7. Admitted.

8. Admitted.

-- 2 --

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Admitted.

16. Admitted.

17. By Scheduling Order dated March 28, 2003, the Honorable R. Barclay Surrick Ordered Defendants' discovery responses to be provided by April 28, 2003. A true and correct copy of the March 28, 2003 Scheduling Order is attached hereto and marked as Exhibit A.

18. On April 4, 2003, the employment of Michael Mullen, Esquire, prior counsel for Defendants, EHS Environmental, Inc. and Environmental Hazard Services, Inc., with the law firm of Naulty, Scaricamazza & McDevitt unexpectedly ended.

19. As a result, all of Mr. Mullen's files were reassigned to other attorneys.

20. Shortly thereafter, the undersigned counsel assumed the handling of this matter on behalf of answering Defendants.

21. The undersigned counsel entered his appearance on behalf of Answering Defendants on April 14, 2003. A true and correct copy of the April 14, 2003 Withdrawal/Entry of Appearance is attached hereto and marked as Exhibit B.

22. Following assignment, the undersigned counsel filed a Petition to Join Third Party Defendant which was granted by the Honorable R. Barclay Surrick by Order dated April 21, 2003. A true and correct copy of the April 21, 2003 Order is attached hereto as Exhibit C.

23. Initially, the undersigned counsel was unaware of the outstanding Order compelling Defendants' discovery responses.

24. By cover letter dated May 9, 2003, Plaintiff's counsel filed the pending Motion for Relief.

25. Upon receipt of the pending Motion, the undersigned counsel immediately attempted to contact counsel by telephone.

26. During a May 13, 2003 telephone conference, the undersigned counsel proposed an Order By Agreement providing for all discovery responses to be provided within thirty (30) days. Plaintiff's counsel refused to consider such a compromise.

27. During the May 13th discussion, plaintiff's counsel declined the request of the undersigned to withdrawal the pending Motion.

28. Answering Defendants respectfully request this Court enter and Order permitting discovery responses to be provided within fifteen (15) days.

29. The Plaintiff has suffered no prejudice.

30. The discovery deadline in this case is July 28, 2003. Accordingly, the parties have an additional two (2) months in which to complete discovery.

31. It is respectfully requested that Plaintiff's Motion for Relief and request to preclude the Defendants from presenting any liability evidence at trial be DENIED.

**WHEREFORE**, Defendants, EHS Environmental, Inc. and Environmental Hazard Services, Inc., respectfully request that this Order deny plaintiff's Motion for Relief and permit answering Defendant to provide discovery responses within fifteen (15) days from the date of this Order.

Respectfully Submitted,

NAULTY, SCARICAMAZZA & McDEVITT, LTD.

BY:_____
Sean P. Buggy, Esquire
Attorney I.D. #77847
Naulty, Scaricamazza & McDevitt
1617 John F. Kennedy Blvd. Suite 1600
Philadelphia, PA 19103
215-568-5116
Attorney for Defendants,
EHS Envronmental, Inc. and
Environmental Hazard Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN<br><br>    vs<br><br>EHS ENVIRONMENTAL, INC.<br><br>    and<br><br>ENVIRONMENTAL HAZARD SERVICES, INC.<br><br>    vs.<br><br>ATLANTIC PETROLEUM TECHNOLOGIES, INC. | NO. 02-CV-3747 |

**CERTIFICATE OF SERVICE**

I, Sean P. Buggy, Esquire, Counsel for Defendants, EHS Environmental, Inc. and EHS Environmental Hazard Services, Inc. hereby certify that I have served a copy of Answering Defendant's Response in Opposition to Plaintiff's Motion for Relief and proposed Order upon counsel for Plaintiff via First Class Mail, postage prepaid, upon the parties as follows:

Steven Kapustin, Esquire
Flamm, Boroff & Bacine, P.C.
925 Harvest Drive, Suite 220
Blue Bell, PA 19422, Esquire

NAULTY, SCARICAMAZZA & McDEVITT, LTD.

BY:_____
Sean P. Buggy, Esquire
1600 One Penn Center
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103
(215) 568-5116
Attorney for Defendants,
EHS Environmental, Inc. and
Environmental Hazard Services, Inc.

DATED: _____