**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|   |   |   |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

### O R D E R

AND NOW, this            dav of                        2004, upon consideration

of he foregoing Petition and Memorandum of Defendants Environmental, Inc. and Environmental

Hazard Services, Inc., it is hereby **ORDERED** and **DECREED** that Defendants' Petition for Leave

to Join Additional Defendants, Atlantic Petroleum Technologies, Inc. and ARCO, is **GRANTED.**


**BY THE COURT:**


_____

**U.S.D.J.**

PH072762.1

**IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  |  |  |
|---|---|---|
| | : | |
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

## PETITION FOR LEAVE OF COURT TO JOIN AS AN ADDITIONAL DEFENDANTS ATLANTIC PETROLEUM TECHNOLOGIES, INC. AND ARCO

Defendants Environmental, Inc. ("Environmental") and Environmental Hazard Services, Inc. ("Hazard") by and through its attorneys, Marks, O'Neill, O'Brien and Courtney, P.C., petitions this Honorable Court pursuant to Fed.R.C.P. 14 to allow it to file a Third Party Complaint.  As grounds thereof, the Defendants Environmental and Hazard state the following:

1.    The plaintiff in this matter instituted suit by filing a Complaint in the Eastern District of Pennsylvania alleging that Defendants Environmental and Hazard were negligent in failing to discover three (3) underground storage tanks allegedly located beneath the plaintiff's premises.

2.    Defendants Environmental and Hazard answered said complaint on or about August 8, 2002.

3.    Plaintiff alleged a whole host of damages against Defendants Environmental and Hazard in their complaint, including, *inter alia*,  costs of remedying the underground soil contamination, devaluation of real property value, and inability to do business.

4.      Defendants Environmental and Hazard now wish to file a Third Party Complaint against Additional Defendants Atlantic Petroleum Technologies, Inc. ("Atlantic")  and Atlantic Richfield ("ARCO").  A true and correct copy of Defendants' Third Party Complaint is attached hereto as **Exhibit "A"**.

5.      At all times material hereto, Additional Defendant Atlantic was contracted by Defendants Environmental and Hazard in order to perform  a full and complete environmental site inspection upon plaintiff's property located at 400 Limekiln Pike in Maple Glenn, Pennsylvania.  Said environmental site inspection was to include a search for underground storage tanks.

6.      It is believed, and therefore averred by Defendants Environmental and Hazard, that Additional Defendant Atlantic, due to their negligence, carelessness and/or recklessness, may be solely or partially liable for the damages allegedly sustained by Plaintiff, as set forth in more detail in the Plaintiff's Complaint, a copy of which is attached hereto to Defendant Third Party Complaint as **Exhibit "A"**.

7.      Furthermore, It is believed and therefore averred that Additional Defendant ARCO was an owner, operator and/or lessor of storage tanks and/or were landowners and/or occupiers on whose land storage tanks are or were located, who allowed pollution and/or a release to occur from the storage tanks, which pollution and/or release contaminated and/or polluted the Plaintiff's property.  As such, ARCO bears liability under the Storage Tank and Spill Prevention Act.

8.      More than ten (10) days have passed since Defendants Environmental and Hazard were served by Plaintiff in this matter, and therefore, leave of this Court is necessary under Fed. R.Civ.Pro. 14 to file this Third Party Complaint.  Furthermore, more than ninety (90) days have elapsed since Defendants Environmental and Hazard filed their answer in this case, requiring defendants, under Local Rule 14.1, to demonstrate that the parties sought to be joined could not with reasonable diligence be ascertained within said time period.

9.    The proposed joinder of Additional Defendants Atlantic and ARCO arises out of the same transaction, occurrence and/or series of transactions or occurrences upon which the Plaintiff's cause of action is based, as required by Fed.R.Civ.Pro. 14.

10.    Additional Defendant ARCO will not be prejudiced by late joinder as they were put on notice of the pending litigation by previous negotiations with plaintiff regarding settlement of potential claims as a result of the pollution/release.

11.    During the course of the ninety (90) day discovery period, Additional Defendant ARCO was found to previously own and operate a gasoline service station upon the plaintiff's property.  Such information was found during the performance of a deed search at the Montgomery County Recorder of Deeds.

12.    Also during the course of discovery, it became apparent that Plaintiffs negotiated a settlement with Additional Defendant ARCO for this same property damage to plaintiff's property for which plaintiff now sues Defendants Environmental and Hazard.  Therefore, it is clear that ARCO bears at least partial, if not total, responsibility for the damages caused by the underground storage tanks.

13.    Additional Defendant Atlantic will not be prejudiced as they have been put on notice of this litigation through the subpoenaing and  deposing of one of their corporate officers, namely John T. Secker, which took place on February 19, 2004.

14.    Additional Defendant Atlantic was previously the subject of joinder in this case, when Sean P. Buggy, Esquire, former counsel for Defendant, proposed to the Court to file a Third Party Complaint naming Atlantic as an additional defendant.  Said request was granted by the Court. See Order of the Court dated April 24, 2003 attached hereto as **Exhibit "B"**.

15.    The Third Party Complaint filed by Mr. Buggy against Additional Defendant Atlantic was later withdrawn after former counsel for the Defendants could not ascertain a proper address to serve the Third Party Complaint.

16.     Upon the undersigned's entry and the commencement of the ninety (90) day discovery period, the undersigned was able to discover the address and phone number of Mr. Secker, who was deposed on February 19, 2004.  Defendants now have the information necessary to serve Additional Defendant Atlantic with the Third Party Complaint.

17.     If the requested late joinder is not permitted, Defendants Environmental and Hazard will suffer extreme prejudice because if said Defendant is found liable to the Plaintiff, it will be forced to spend additional funds and attorney's fees to bring a new action against Additional Defendants. Furthermore, Defendants will lose use of any monies paid over to the Plaintiff for a number of years until this suit against it is terminated.

18.     This Petition is brought forth in good faith and in the interest of justice, and is in no way meant to delay the resolution of this matter and/or prejudice the plaintiff or the Additional Defendants.

WHEREFORE, Defendants Environmental Inc. and Environmental Hazard Services, Inc. respectfully request that this Honorable Court grant its Petition for Leave to Join Atlantic Petroleum Technologies, Inc. and ARCO as Additional Defendants pursuant to Federal Rule of Civil Procedure 14.

Respectfully Submitted,

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

BY : _____
        Michael T. Hamilton, Esquire
        Mark A. Schiavo, Esquire
        Attorneys for Defendant

**IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  |  |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN : | |
| : | |
| v.                          : | NO. 02-CV-3747 |
| : | |
| ENVIRONMENTAL, INC.              : | |
| : | |
| and                         : | |
| : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. : | |
| : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR LEAVE OF COURT TO JOIN ATLANTIC PETROLEUM
TECHNOLOGIES, INC. AND ARCO AS ADDITIONAL DEFENDANTS**

## I.    Statement of Facts

The plaintiff in this matter instituted suit by filing a Complaint in the Eastern District of Pennsylvania alleging that Defendants Environmental Inc. ("Environmental" ) and Environmental Hazard Services, Inc. ("Hazard") were negligent in failing to discover three (3) underground storage tanks allegedly located beneath the plaintiff's premises.  Defendants Environmental and Hazard answered said complaint on or about August 8, 2002.  Plaintiff alleged a whole host of damages against Defendants Environmental and Hazard in their complaint, including, *inter alia*,  costs of remedying the underground soil contamination, devaluation of real property value, and inability to do business.

During the course of discovery, Defendants became aware that these alleged damages were caused completely and/or partially by Additional Defendants Atlantic Petroleum Technologies, Inc., ("Atlantic") and Atlantic Richfield ("ARCO"), and, as such, Defendants Environmental and Hazard

now wish to file a Third Party Complaint.  A true and correct copy of Defendants' Third Party Complaint is attached hereto as **Exhibit "A"**.

Upon information and belief, Additional Defendant Atlantic was contracted by Defendants Environmental and Hazard in order to perform  a full and complete environmental site inspection upon plaintiff's property located at 400 Limekiln Pike in Maple Glenn, Pennsylvania.  Said environmental site inspection was to include a search for underground storage tanks.  It is believed by Defendants Environmental and Hazard, that Additional Defendant Atlantic, due to their negligence, carelessness and/or recklessness, may be solely or partially liable for the damages allegedly sustained by Plaintiff, as set forth in more detail in the Plaintiff's Complaint, a copy of which is attached hereto to Plaintiff's Third Party Complaint as **Exhibit "A"**.

Additional Defendant Atlantic was also previously the subject of joinder in this case, when Sean P. Buggy, Esquire, former counsel for Defendant, proposed to the Court to file a Third Party Complaint naming Atlantic as an additional defendant.  Said request was granted by the Court. See Order of the Court dated April 21, 2003 attached hereto as **Exhibit "B"**.  The Third Party Complaint filed by Mr. Buggy against Additional Defendant Atlantic was later withdrawn after former counsel for the Defendants could not ascertain a proper address to serve the Third Party Complaint.  Upon the undersigned's entry and the commencement of the ninety (90) day discovery period, the undersigned was able to discover the address and phone number of Mr. Secker, who was deposed on February 19, 2004.  Defendants now have the information necessary to serve Additional Defendant Atlantic with the Third Party Complaint.

Furthermore, Defendants also became aware that Additional Defendant ARCO was an owner, operator and/or lessor of storage tanks and/or were landowners or occupiers on whose land storage tanks are or were located, who allowed pollution and/or a release to occur from these storage tanks, which pollution and/or release contaminated and/or polluted the Plaintiff's property.

PH072762.1

As such, ARCO is liable under the Storage Tank and Spill Prevention Act.  Also during the course

of discovery, it became apparent that Plaintiffs negotiated a settlement with Additional Defendant

ARCO for this same property damage to plaintiff's property for which plaintiff now sues Defendants

Environmental and Hazard.  Therefore, it is clear that ARCO bears at least partial, if not total,

responsibility for any and all damages caused by the underground storage tanks.

More than ten (10) days have passed since Defendants Environmental and Hazard were

served by Plaintiff in this matter, and therefore, leave of this Court is necessary under Fed R.C. P.

14 to file this Third Party Complaint.  Furthermore, more than ninety (90) days have elapsed since

Defendants Environmental and Hazard filed their answer in this case, requiring defendants, under

Local Rule 14.1, to demonstrate that the parties sought to be joined could not with reasonable

diligence be ascertained within said time period.

**II.    Legal Argument**

    **A.    Defendants Environmental and Hazard are permitted to join Atlantic and ARCO as additional defendants, for their identities could not be ascertained with reasonable diligence within ninety (90) days of the filing of the Answer in this matter.**

Rule 14 of the Federal Rules of Civil Procedure provides that, at any time after the

commencement of an action, a defendant may commence a third-party action against a party who

is or who may be liable to him for all or part of the plaintiff's claim against him.  Fed R. Civ. Pro.

14. Leave of court must be obtained when the third-party complaint is served more than ten days

after service of the defendant's answer.  Id.  Rule 14 (a) is permissive, and " the Federal Rules

encourage the joinder of parties where such joinder would appear to avoid multiple actions or

unnecessary delay and expense…" Field v. Volkswagenwerk AG, 626 F.2d 293, 302 (3d. Cir. 1980).

Rule 14 should be construed liberally in order to effectuate its true purpose in reducing the

multiplicity of litigation.  Federal Practice and Procedure § 1442  at 293.

Furthermore, Rule 14.1 of the Local Rules of Civil Procedure dictates that an application for leave to join additional parties is untimely "unless filed not more than ninety (90) days after the service of the moving party's answer." Notwithstanding, the effect of this rule is mitigated if the court is satisfied that the party seeking leave could not, with reasonable diligence, ascertain the party to be joined or the basis of the joinder. See Local Rule of Civil Procedure 14.1.

In the case at hand, the current counsel for Defendants entered their appearance after a lengthy insurance coverage dispute which caused Defendants' former Counsel, Sean P. Buggy, Esquire, to withdraw. Current counsel for the Defendants did not even have an opportunity to examine prior counsel's file until well after the ninety(90) day deadline, as permitted by Rule 14.1, had elapsed.

Furthermore, counsel for the defendants was provided ninety (90) days from the date of their entry into this case to effectuate all discovery. Upon review of the extensive documents obtained and depositions taken by the undersigned legal counsel and subsequent investigation, it was proposed that Additional Defendants are most likely partly if not entirely responsible for the alleged damages incurred by the Plaintiff and, therefore, should be joined as Additional Defendants.

In regards to Additional Defendant Atlantic, the requisite information needed to properly serve the entity was not received until John Secker, a former officer of Additional Defendant Atlantic, was deposed. It was only upon Mr. Secker's testimony that Defendants obtained the needed information to properly serve Additional Defendant Atlantic. This information was previously unknown to defendants. Since current counsel in this matter was obtained well after ninety (90) days after the filing of their answer, such information could not have been discovered during that period with reasonable diligence. Therefore, joinder of Additional Defendant Atlantic is appropriate in this instance.

PH072762.1

Furthermore, discovery revealed that Additional Defendant ARCO formerly maintained a service station upon the plaintiff's property, and that Additional Defendant ARCO maintained the underground storage tanks in question.  Also, it has been discovered that Additional Defendant ARCO and Plaintiffs have engaged in negotiations and are parties to a settlement and release for the damages to Plaintiff's property for which Plaintiff now claims Defendants are responsible.  None of this information regarding the Additional Defendants was known or could have been ascertained prior to the elapse of the ninety (90) day time period required by Local Rule 14.1, since current counsel for the Defendants entered their appearance well after the ninety (90) day deadline, as provided by Local Rule 14.1, elapsed.

It is also important to add that the proposed joinder of Additional Defendants Atlantic and ARCO arises out of the same transaction, occurrence and/or series of transactions or occurrences upon which the Plaintiff's cause of action is based, as required by Fed R.C.P 14.  A d d i t i o n a l Defendant ARCO will not be prejudiced by late joinder as they were put on notice of the pending litigation by previous negotiations with Plaintiff regarding settlement of potential claims as a result of the pollution/release upon Plaintiff's property.  Additional Defendant Atlantic will not be prejudiced as they have been put on notice of this litigation through the subpoenaing and deposing of one of their corporate officers, namely John T. Secker, which took place on February 19, 2004.

If the requested late joinder is not permitted, Defendants Environmental and Hazard will suffer extreme prejudice because if said Defendant is found liable to the Plaintiff, it will be forced to spend additional funds and attorney's fees to bring a new action against Additional Defendants. Furthermore, Defendants will lose use of any monies paid over to the Plaintiff for a number of years until this suit against it is terminated.   Finally, this Petition is brought forth in good faith and

is in no way meant to delay the resolution of this matter and/or prejudice Additional Defendants.

III.    **Conclusion**

For the above mentioned reasons, Defendant, Risk Assistance, Inc., respectfully requests that this Honorable Court grant Defendant Environmental Inc. and Environmental Hazard Services, Inc., leave to file a Joinder Complaint to join Atlantic Petroleum Technologies, Inc. and ARCO as an Additional Defendants in this matter.

Respectfully Submitted,

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

BY : _____
Michael T. Hamilton, Esquire
Mark A. Schiavo, Esquire
Attorneys for Defendant

**IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN : | |
| : | |
| v. : | **NO. 02-CV-3747** |
| : | |
| ENVIRONMENTAL, INC. : | |
| : | |
| and : | |
| : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this **24**[TH] day of **February, 2004** a true and correct copy of the foregoing **Petition for Leave to Join Additional Defendants, Atlantic Petroleum, Inc. and ARCO,** was served on all parties of record by first-class mail, postage pre-paid.

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.


BY: _____
          **Michael T. Hamilton, Esquire**
          **Mark A. Schiavo, Esquire**
          1880 JFK Boulevard, Suite 1200
          Philadelphia, PA 19103
          215-564-6688
          Attorneys for Defendants

**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  |  |  |
|---|---|---|
| | : | |
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

**O R D E R**

AND NOW, this      day of                , 2004, upon consideration of Defendants

Motion to Extend Discovery Deadlines, and any response thereto, it is hereby ORDERED and

DECREED that Discovery shall be extended until:

1.    Pretrial factual discovery is hereby extended until May 24, 2004. All pretrial

factual discovery shall be concluded by that date.

2.    The Court will conduct an **in person** settlement conference on a date

convenient to the Court.

**BY THE COURT:**

_____

**U.S.D.J.**

PH072760.1

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# 744-70849

| | | |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

### DEFENDANTS ENVIRONMENTAL, INC. AND ENVIRONMENTAL HAZARD SERVICES, INC.'S MOTION TO EXTEND DISCOVERY DEADLINES

Defendants, Environmental, Inc and Environmental Hazard Services, Inc, by and through their undersigned attorneys, hereby aver as follows:

1.      In 2002, Plaintiff instituted suit by filing a Complaint in the Eastern District of Pennsylvania alleging that Defendants Environmental and Hazard were negligent in failing to discover three (3) oil tanks allegedly located beneath the plaintiff's premises.

2.      Initially, Sean Buggy, Esquire of the law firm of Naulty Scaricamazza & McDevitt LTD. entered his appearance on behalf of the defendants in this matter.  However, after a protracted insurance coverage dispute, in which this case was placed on the inactive list, Mr. Buggy withdrew as counsel and the undersigned entered their appearance.

3.      Prior to Mr. Buggy's withdraw as counsel, no depositions had been taken, and no subpoenas were served.  The extent of the discovery taken by the defendants was the propounding of written discovery.

PH072760.1

4.      After the resolution of Defendant's insurance coverage dispute and the entry of the undersigned into the case, the Defendants were then provided ninety (90) days to conduct all discovery in this matter.  The discovery deadline is currently set for February 24, 2004.

5.      Since then, counsel for defendants has zealously engaged in discovery by propounding additional written discovery, deposing multiple witnesses, and subpoenaing records from a multitude of businesses, banks and oil companies.  As of the date of this motion, records requested from ARCO, Upper Dublin Township, Smart & Associates, Fleet Bank, Wachovia, and Trident Land Transfer remain outstanding.

6.      Furthermore, the discovery which has been produced via subpoenas and document production is voluminous, highly technical, and requires extensive attorney attention. Attorneys for Defendants have and continue to review said documents as expeditiously as possible.

7.      Lastly and most importantly, discovery has yielded extensive information regarding plaintiff's alleged damages, and other potential parties who may be wholly or partially responsible for the damages to Plaintiff's property.  These parties include ARCO, who owned the gasoline service station previously present on the property in question, and Atlantic Petroleum Technologies, Inc., a subcontractor who was responsible for searching for underground storage tanks using a ferro-magnetic locating device.  These entities will be the subject of a forthcoming petition to file third party complaint.

8.      Defendants will be extremely prejudiced if they are not permitted to engage in additional discovery.  Ninety (90) days was simply not enough time to engage in the extensive, highly detailed discovery needed in litigating this case.

9.      The issues in this case are extremely complex, and deal not only with the complex causes-of-action enunciated in Plaintiff's complaint, but also pertain to issues regarding

PH072760.1

the Storage Tank and Spill Prevention Act and liability under theories of agency and respondeat superior.

10.     Attorneys for the defendants have not been negligent or wonton of their duty to perform discovery in this matter.  On the contrary, defense counsel has worked as expeditiously as possible in order to gain all relevant documentation and information to provide a suitable defense.  The amount of discovery needed to litigate an environmental case of this magnitude simply could not be completed in the ninety (90) day time frame provided.

11.     As a result, the defendants request an additional ninety (90) days to finish their discovery.  This request is not meant to serve as a delay or meant to prejudice the plaintiff in anyway.  This additional time is necessary to finish all discovery and to flush out all issues needed for trial.

12.     Plaintiffs will suffer no cognizable prejudice if the Court grants this petition.  In fact, this additional time will serve plaintiff by allowing them to further conduct any further needed discovery in this highly complex case.

WHEREFORE, Defendants Environmental, Inc. and Environmental Hazard Services, Inc., respectfully requests that this Honorable court extend the discovery deadline in this case to May 24, 2004.

MARKS, O'NEILL, O'BRIEN &
COURTNEY, P. C.


BY:_____
        Michael T. Hamilton, Esquire
        Mark A. Schiavo, Esquire
        1880 John F. Kennedy Blvd., Suite 1200
        Philadelphia, PA 19103
        (215) 564-6688
        Attorneys for Defendants

PH072760.1

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# 744-70849

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN : | |
| : | |
| v.     : | **NO. 02-CV-3747** |
| : | |
| ENVIRONMENTAL, INC.     : | |
| : | |
| and     : | |
| : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this **24**$^{TH}$ day of **February, 2004** a true and correct copy of the foregoing **Motion for an Extension of Discovery Deadlines** was served on all parties of record by first-class mail, postage pre-paid.

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

BY: _____

**Michael T. Hamilton, Esquire**
**Mark A. Schiavo, Esquire**
1880 JFK Boulevard, Suite 1200
Philadelphia, PA 19103
215-564-6688
Attorneys for Defendants

PH072760.1

**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  |  |  |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | NO. 02-CV-3747 |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

**O R D E R**

AND NOW, this        day of                    , 2004, upon consideration of Defendants

Motion to Extend Discovery Deadlines, and any response thereto, it is hereby ORDERED and

DECREED that Discovery shall be extended until:

1.    Pretrial factual discovery is hereby extended until May 24, 2004. All pretrial

factual discovery shall be concluded by that date.

2.    The Court will conduct an **in person** settlement conference on a date

convenient to the Court.


BY THE COURT:


_____
                                    U.S.D.J.


PH072760.1

**IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  |  |  |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

## DEFENDANTS ENVIRONMENTAL, INC. AND ENVIRONMENTAL HAZARD SERVICES, INC.'S MOTION TO EXTEND DISCOVERY DEADLINES

Defendants, Environmental, Inc and Environmental Hazard Services, Inc, by and through their undersigned attorneys, hereby aver as follows:

1.      In 2002, Plaintiff instituted suit by filing a Complaint in the Eastern District of Pennsylvania alleging that Defendants Environmental and Hazard were negligent in failing to discover three (3) oil tanks allegedly located beneath the plaintiff's premises.

2.      Initially, Sean Buggy, Esquire of the law firm of Naulty Scaricamazza & McDevitt LTD. entered his appearance on behalf of the defendants in this matter.  However, after a protracted insurance coverage dispute, in which this case was placed on the inactive list, Mr. Buggy withdrew as counsel and the undersigned entered their appearance.

3.      Prior to Mr. Buggy's withdraw as counsel, no depositions had been taken, and no subpoenas were served.  The extent of the discovery taken by the defendants was the propounding of written discovery.

PH072760.1

4.      After the resolution of Defendant's insurance coverage dispute and the entry of the undersigned into the case, the Defendants were then provided ninety (90) days to conduct all discovery in this matter.  The discovery deadline is currently set for February 24, 2004.

5.      Since then, counsel for defendants has zealously engaged in discovery by propounding additional written discovery, deposing multiple witnesses, and subpoenaing records from a multitude of businesses, banks and oil companies.  As of the date of this motion, records requested from ARCO, Upper Dublin Township, Smart & Associates, Fleet Bank, Wachovia, and Trident Land Transfer remain outstanding.

6.      Furthermore, the discovery which has been produced via subpoenas and document production is voluminous, highly technical, and requires extensive attorney attention.  Attorneys for Defendants have and continue to review said documents as expeditiously as possible.

7.      Lastly and most importantly, discovery has yielded extensive information regarding plaintiff's alleged damages, and other potential parties who may be wholly or partially responsible for the damages to Plaintiff's property.  These parties include ARCO, who owned the gasoline service station previously present on the property in question, and Atlantic Petroleum Technologies, Inc., a subcontractor who was responsible for searching for underground storage tanks using a ferro-magnetic locating device.  These entities will be the subject of a forthcoming petition to file third party complaint.

8.      Defendants will be extremely prejudiced if they are not permitted to engage in additional discovery.  Ninety (90) days was simply not enough time to engage in the extensive, highly detailed discovery needed in litigating this case.

9.      The issues in this case are extremely complex, and deal not only with the complex causes-of-action enunciated in Plaintiff's complaint, but also pertain to issues regarding

PH072760.1

the Storage Tank and Spill Prevention Act and liability under theories of agency and respondeat superior.

10.    Attorneys for the defendants have not been negligent or wonton of their duty to perform discovery in this matter.  On the contrary, defense counsel has worked as expeditiously as possible in order to gain all relevant documentation and information to provide a suitable defense.  The amount of discovery needed to litigate an environmental case of this magnitude simply could not be completed in the ninety (90) day time frame provided.

11.    As a result, the defendants request an additional ninety (90) days to finish their discovery.  This request is not meant to serve as a delay or meant to prejudice the plaintiff in anyway.  This additional time is necessary to finish all discovery and to flush out all issues needed for trial.

12.    Plaintiffs will suffer no cognizable prejudice if the Court grants this petition.  In fact, this additional time will serve plaintiff by allowing them to further conduct any further needed discovery in this highly complex case.

WHEREFORE, Defendants Environmental, Inc. and Environmental Hazard Services, Inc., respectfully requests that this Honorable court extend the discovery deadline in this case to May 24, 2004.

MARKS, O'NEILL, O'BRIEN &
COURTNEY, P. C.


BY:_____
　　　　　Michael T. Hamilton, Esquire
　　　　　Mark A. Schiavo, Esquire
　　　　　1880 John F. Kennedy Blvd., Suite 1200
　　　　　Philadelphia, PA 19103
　　　　　(215) 564-6688
　　　　　Attorneys for Defendants

**IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  | : |  |
| --- | --- | --- |
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
|  | : | |
| v. | : | |
|  | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
|  | : | |
| and | : | |
|  | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
|  | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this **24TH** day of **February, 2004** a true and correct copy of the foregoing **Motion for an Extension of Discovery Deadlines** was served on all parties of record by first-class mail, postage pre-paid.

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**

BY: _____

**Michael T. Hamilton, Esquire**
**Mark A. Schiavo, Esquire**
1880 JFK Boulevard, Suite 1200
Philadelphia, PA 19103
215-564-6688
Attorneys for Defendants

**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  | : |  |
| --- | --- | --- |
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
|  | : | |
| v. | : | |
|  | : | NO. 02-CV-3747 |
| ENVIRONMENTAL, INC. | : | |
|  | : | |
| and | : | |
|  | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
|  | : | |

**O R D E R**

AND NOW, this        day of                   , 2004, upon consideration of Defendants

Motion to Extend Discovery Deadlines, and any response thereto, it is hereby ORDERED and

DECREED that Discovery shall be extended until:

1.      Pretrial factual discovery is hereby extended until May 24, 2004. All pretrial

factual discovery shall be concluded by that date.

2.      The Court will conduct an **in person** settlement conference on a date

convenient to the Court.

**BY THE COURT:**

_____
                                        **U.S.D.J.**

PH072760.1

**IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# 744-70849

|  |  |  |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | |
| | : | |
| v. | : | |
| | : | **NO. 02-CV-3747** |
| ENVIRONMENTAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |

---

### DEFENDANTS ENVIRONMENTAL, INC. AND ENVIRONMENTAL HAZARD SERVICES, INC.'S MOTION TO EXTEND DISCOVERY DEADLINES

---

Defendants, Environmental, Inc and Environmental Hazard Services, Inc, by and through their undersigned attorneys, hereby aver as follows:

1.      In 2002, Plaintiff instituted suit by filing a Complaint in the Eastern District of Pennsylvania alleging that Defendants Environmental and Hazard were negligent in failing to discover three (3) oil tanks allegedly located beneath the plaintiff's premises.

2.      Initially, Sean Buggy, Esquire of the law firm of Naulty Scaricamazza & McDevitt LTD. entered his appearance on behalf of the defendants in this matter.  However, after a protracted insurance coverage dispute, in which this case was placed on the inactive list, Mr. Buggy withdrew as counsel and the undersigned entered their appearance.

3.      Prior to Mr. Buggy's withdraw as counsel, no depositions had been taken, and no subpoenas were served.  The extent of the discovery taken by the defendants was the propounding of written discovery.

PH072760.1

4.      After the resolution of Defendant's insurance coverage dispute and the entry of the undersigned into the case, the Defendants were then provided ninety (90) days to conduct all discovery in this matter.  The discovery deadline is currently set for February 24, 2004.

5.      Since then, counsel for defendants has zealously engaged in discovery by propounding additional written discovery, deposing multiple witnesses, and subpoenaing records from a multitude of businesses, banks and oil companies.  As of the date of this motion, records requested from ARCO, Upper Dublin Township, Smart & Associates, Fleet Bank, Wachovia, and Trident Land Transfer remain outstanding.

6.      Furthermore, the discovery which has been produced via subpoenas and document production is voluminous, highly technical, and requires extensive attorney attention.  Attorneys for Defendants have and continue to review said documents as expeditiously as possible.

7.      Lastly and most importantly, discovery has yielded extensive information regarding plaintiff's alleged damages, and other potential parties who may be wholly or partially responsible for the damages to Plaintiff's property.  These parties include ARCO, who owned the gasoline service station previously present on the property in question, and Atlantic Petroleum Technologies, Inc., a subcontractor who was responsible for searching for underground storage tanks using a ferro-magnetic locating device.  These entities will be the subject of a forthcoming petition to file third party complaint.

8.      Defendants will be extremely prejudiced if they are not permitted to engage in additional discovery.  Ninety (90) days was simply not enough time to engage in the extensive, highly detailed discovery needed in litigating this case.

9.      The issues in this case are extremely complex, and deal not only with the complex causes-of-action enunciated in Plaintiff's complaint, but also pertain to issues regarding

PH072760.1

the Storage Tank and Spill Prevention Act and liability under theories of agency and respondeat superior.

10.    Attorneys for the defendants have not been negligent or wonton of their duty to perform discovery in this matter.  On the contrary, defense counsel has worked as expeditiously as possible in order to gain all relevant documentation and information to provide a suitable defense.  The amount of discovery needed to litigate an environmental case of this magnitude simply could not be completed in the ninety (90) day time frame provided.

11.    As a result, the defendants request an additional ninety (90) days to finish their discovery.  This request is not meant to serve as a delay or meant to prejudice the plaintiff in anyway.  This additional time is necessary to finish all discovery and to flush out all issues needed for trial.

12.    Plaintiffs will suffer no cognizable prejudice if the Court grants this petition.  In fact, this additional time will serve plaintiff by allowing them to further conduct any further needed discovery in this highly complex case.

WHEREFORE, Defendants Environmental, Inc. and Environmental Hazard Services, Inc., respectfully requests that this Honorable court extend the discovery deadline in this case to May 24, 2004.


MARKS, O'NEILL, O'BRIEN &
COURTNEY, P. C.


BY:_____
        Michael T. Hamilton, Esquire
        Mark A. Schiavo, Esquire
        1880 John F. Kennedy Blvd., Suite 1200
        Philadelphia, PA 19103
        (215) 564-6688
        Attorneys for Defendants

PH072760.1

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# 744-70849

|  |  |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : |
| | : |
| v. | : |
| | :    NO. 02-CV-3747 |
| ENVIRONMENTAL, INC. | : |
| | : |
| and | : |
| | : |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : |
| | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this **24TH** day of **February, 2004** a true and correct copy of the foregoing **Motion for an Extension of Discovery Deadlines** was served on all parties of record by first-class mail, postage pre-paid.

MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.

BY: _____

**Michael T. Hamilton, Esquire**
**Mark A. Schiavo, Esquire**
1880 JFK Boulevard, Suite 1200
Philadelphia, PA 19103
215-564-6688
Attorneys for Defendants