IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | NO. 02-CV-3747 |
| | : | |
| v. | : | |
| | : | |
| ENVIRONMENTAL INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC PETROLEUM TECHNOLOGIES, INC. | : | |

**PLAINTIFF EXECUTIVE CAR WASH OF MAPLE GLEN'S
RESPONSE TO DEFENDANTS ENVIRONMENTAL, INC. AND
ENVIRONMENTAL HAZARD SERVICES, INC.'S
<u>MOTION TO EXTEND DISCOVERY DEADLINES</u>**

Plaintiff, Executive Car Wash of Maple Glen, responds to the Motion of Defendants, Environmental, Inc. and Environmental Hazard Services, Inc., to Extend the Discovery Deadline and responds to specific averments as follows:

1.  Admitted that the case was instituted by filing a Complaint. The Complaint was the initial action in the controversy as Defendants' identified insurance carrier refused to respond to Plaintiff's counsel inquiries.

2.  Denied. Sean Buggy did not initially enter his appearance. Rather, Michael Mullen initially entered his appearance and consistently refused to respond to Plaintiff by any means resulting in the filing of needless discovery motions simply because he did not respond. Mr. Mullen ultimately withdrew. Naulty Scaricamazza & McDevitt had Mr. Buggy enter his appearance. Mr. Buggy then advised the Court of yet another reason for delay; that is, the insurance dispute.

SXK/8066/3/418952_1

3. Denied. Depositions were scheduled; depositions were not taken by the agreement of counsel so that the insurance dispute could be resolved and so that Plaintiff would not be exposed to depositions by more than one counsel.

4. Admitted. Plaintiff agreed even though the discovery deadline in the case had already passed.

5. Admitted. The open requests are those of the Defendants.

6. Denied. The case is very simple. Defendants admitted that they examined the wrong documents in support of their opinion that there were no underground storage tanks.

7. Denied. The chain of title, as evidence filed by deeds in Montgomery County, showed that ARCO had been a previous owner of the property. In addition, at all times it was known that Atlantic Petroleum Technologies, Inc. had been employed as a subcontractor.

8. Denied. Defendants did not have ninety (90) days to complete discovery; they had ninety (90) days in addition to the previous discovery period which was one hundred and twenty (120) days, after a lapse while the case was inactive. Plaintiff will be extremely prejudiced by the continued delay.

9. Denied. The underlying action is very simple. The Defendants missed the tanks. They researched the wrong documents and did not discover the tanks.

10. Denied. The attorneys for the Defendants include the Defendants filing the Motion and their former counsel. Indeed, attorneys for the Defendants, when viewed in totality, have caused an incredible delay after a long delay occasioned by the fact that no one would respond to the Plaintiff herein.

11. Denied. All the issues were already flushed out. No additional time is necessary.

12. Denied. Plaintiff will be harmed by this request. Defendants have already filed a Motion to Join several additional parties. They are entitled to proceed with that litigation and take discovery in that litigation in the event that they settle this matter or suffer a loss in this matter. They employed the now defunct subcontractor, Atlantic Petroleum Technologies, Inc., without the interaction or participation of the Plaintiff. Atlantic Petroleum Technologies, Inc.'s liability is imputed therefore to the Defendants. As to ARCO, Plaintiff has already settled with ARCO; they are not a necessary party to this proceeding; their only interaction would be concerning the amount of their settlement and whether, and under what circumstances, it could reduce the amount due to the Plaintiff from the existing Defendants.

**WHEREFORE**, Plaintiff Executive Car Wash of Maple Glen respectfully request that this Honorable Court deny the request to extend the discovery deadline.

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

By: ___/s/_____
    Steven Kapustin, Esquire
    350 Sentry Parkway, Building 640
    Blue Bell, PA 19422
    (215) 941-2662
    Attorneys for Plaintiff, Executive Car Wash of
    Maple Glen

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : NO. 02-CV-3747 |
| v. | : |
| ENVIRONMENTAL INC. | : |
| and | : |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : |
| v. | : |
| ATLANTIC PETROLEUM TECHNOLOGIES, INC. | : |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff Executive Car Wash of Maple Glen's Response to Defendants Environmental, Inc. and Environmental Hazard Services, Inc.'s Motion to Extend Discovery Deadlines was caused to be sent by first class mail, postage prepaid by the undersigned on the date stated below, to the addressees stated below:

Michael T. Hamilton, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
1880 John F. Kennedy Boulevard, Suite 1200
Philadelphia, PA 19103

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

BY: ___/s/_____
Steven Kapustin, Esquire
Attorneys for Plaintiff, Executive Car Wash of Maple Glen

Dated:_____

SXK/8066/3/418952_1