## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN | : | NO. 02-CV-3747 |
| | : | |
| v. | : | |
| | : | |
| ENVIRONMENTAL INC. | : | |
| | : | |
| and | : | |
| | : | |
| ENVIRONMENTAL HAZARD SERVICES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC PETROLEUM TECHNOLOGIES, INC. | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION FOR
### LEAVE OF COURT TO JOIN AS ADDITIONAL DEFENDANTS,
### ATLANTIC PETROLEUM TECHNOLOGIES, INC. AND ARCO

Plaintiff Executive Car Wash of Maple Glen (herein "Executive Car Wash") by and through its attorneys, Kaplin Stewart Meloff Reiter & Stein, P.C., in response to the Defendants Petition for Leave of Court to Join as Additional Defendants, Atlantic Petroleum Technologies, Inc. (herein "Atlantic Petroleum") and ARCO responds as follows:

1.      It is admitted that this matter was begun by Complaint.  However, preceding the filing of the Complaint, Plaintiff made repeated attempts to contact Defendants, by and through their alleged carrier.  Plaintiff was unable to receive any response.

2.      Admitted.

3.      Denied.  This allegation, first the Complaint which was a document which is a matter of record with references hereby made.

4.      It is admitted that Defendants have attached a Third Party Complaint attached as Exhibit "A".

SXK/8066/3/420341_1

5.    Denied.  To the contrary, the record in this matter does not indicate that Atlantic Petroleum was contracted in order to "perform a full and complete environmental site inspection."  To the contrary, it only appears that Atlantic Petroleum was contracted to conduct a thermo magnetic examination.

6.    It is admitted that Defendants have attached a Third Party Complaint (Exhibit "A") which speaks for itself.

7.    It is admitted that Defendant ARCO appears in the chain of title for the property which is the subject matter of this Complaint.  See Deed wherein Atlantic Refining Company, the predecessor to ARCO acquired the property in April of 1959 (attached hereto as Exhibit "A").

8.    It is admitted that more than one year and a half has passed since the Defendants answered the Complaint.  In addition, Local Rule 14.1 states, in relative part at subsection (a):

> Applications pursuant to Fed.R.Civ.P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer.  If it is made to appear, to the satisfaction of the Court, that the identity of the party sought to be joined, or the for joinder, could not, without reasonable diligence, have been ascertained within said time period…

9.    Denied.  ARCO was the former land owner.  It has nothing whatever to do with Defendants negligence in providing their services to the Plaintiffs.

10.    Denied.  ARCO's prejudice is irrelevant.  Defendants are always free to bring their own independent action against ARCO.  It makes no difference whether they are joined in this action or are the subject of a separate action.

11.     Plaintiff cannot respond as to when this particular counsel made such a review. Plaintiff can only respond that the information from the Deed search was available since 1959, well before the Answer in this matter was filed.

12.     Plaintiff admits that it has settled with ARCO.  Plaintiff denies that any admissions of liability have been made.

13.     Denied.  As per the transcript of the deposition, relevant portions are attached hereto as Exhibit "B".  John T. Secker is an ex-employee of Atlantic Petroleum, not having worked there since 1994 when the company went bankrupt.

14.     Denied.  Defendants originally sought to join Atlantic Petroleum as a Defendant on August 19, 2002 (docket entry 3) and that this Court issued an Order on November 18, 2002 dismissing the case against the Third Party Defendants for lack of prosecution.

15.     It appears that the Third Party Complaint was later withdrawn on the second attempt by Mr. Buggy, after Mr. Mullen's failed attempt as noted in the previous paragraph.  As to why Defendants withdrew, said information was in the exclusive control of the Defendants.

16.     It appears that Defendants were able to ascertain Mr. Secker's address.  It is denied that Defendants have the necessary information to serve Atlantic Petroleum since all they knew is what they knew before; that is, the names of the principals.  They do not know that Atlantic Petroleum exists; indeed, the only information on the record is Mr. Secker's testimony that Atlantic Petroleum went bankrupt.

17.     Denied.  As noted above, Atlantic Petroleum does not exist.  Therefore, there will be nothing to recover from Atlantic Petroleum.  Moreover, Defendants suffer no prejudice if they decide to file another claim; the delay will be the same, either as a Third Party Complaint in this action or as a new Complaint against those entities.  The only difference is that with no Third

Party Complaint here the <u>Plaintiff</u> that suffers no prejudice which it has already suffered by the year-and-a-half delay in attempting to join these Defendants, one of which was known to exist and had been a landowner in 1959, as a matter of public record, and the other, Atlantic Petroleum, which does not exist at all.

    18.    Denied.

WHEREFORE, Plaintiff request this Honorable Court deny the Motion of Defendants for Leave to Join Atlantic Petroleum Technologies, Inc. and ARCO.

Respectfully submitted,

KAPLIN STEWART MELOFF REITER & STEIN, PC

BY: _____

    Steven Kapustin
    Attorneys for Plaintiff
    350 Sentry Parkway, Building 640
    Blue Bell, PA 19422
    (610) 941-2662

Dated: March _____, 2004

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

EXECUTIVE CAR WASH OF MAPLE GLEN  :       NO. 02-CV-3747
    :
             v.      :
    :
ENVIRONMENTAL INC.      :
    :
          and      :
    :
ENVIRONMENTAL HAZARD SERVICES, INC.  :
    :
            v.      :
    :
ATLANTIC PETROLEUM TECHNOLOGIES, INC.:

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S PETITION FOR
LEAVE OF COURT TO JOIN AS ADDITIONAL DEFENDANTS,
ATLANTIC PETROLEUM TECHNOLOGIES, INC. AND ARCO**

**INTRODUCTION**

This matter was filed on June 13, 2003 by the Plaintiff, Executive Car Wash of Maple Glen (herein "Executive Car Wash") against the Defendants, Environmental Hazard Services, Inc. and Environmental, Inc. for damages sustained when the Defendants failed to perform a Phase I Environmental Site Assessment correctly resulting in the fact that three (3) underground storage tanks were not discovered. The Phase I examination was conducted by the Defendants in 1992; Plaintiff discovered the existence of the underground storage tanks, which the Defendants had failed to discover, in 2000, when Plaintiff was attempting to sell the property. Its damages against these Defendants are those occasioned by the reduction in value of the property caused by the fact that these underground storage tanks existed in the year 2000 as opposed to having been removed in 1992 when the Defendants should have discovered them.

The Defendants, in performing the site investigation, subcontracted a portion of the services to Atlantic Petroleum Technologies, Inc. (hereinafter "Atlantic Petroleum"). Defendants

sought to bring in Atlantic Petroleum as a Third Party within twenty (20) days of the filing of its Answer, that is on August 19, 2002, when they filed a Third Party Complaint against Atlantic Petroleum.

As the docket entries show, Defendants were unable to proceed against Atlantic Petroleum and on November 18, 2002, this Court entered an Order dismissing the claim against Atlantic Petroleum and later, on March 18, 2003, Ordered that the "Third Party Complaint against Atlantic Petroleum Technologies, Inc. is dismissed with prejudice".

Despite being able to take discovery during the first one hundred twenty (120) days allowed for discovery by Order dated March 28, 2003 (docket entry 11), these Defendants made no effort to find Atlantic Petroleum. It was only during the second phase of discovery, after the case had been placed on the inactive list (docket entry 21) and after there had been an extended dispute concerning insurance coverage (docket entries 22 to 25) that Defendants ascertained the existence of a former employee of Atlantic Petroleum (John Secker) and took his deposition on February 19, 2004, five (5) days before the end of the second "wave" of discovery in this case (see docket entry 27).

On the last day of discovery, Defendants filed the Motion which is the subject matter of this Memorandum, along with a Motion to Extend Discovery Deadlines. As noted, Defendants seek to join Atlantic Petroleum and ARCO, a former landowner of the property.

Allowing the Defendants to proceed in this fashion would make a mockery of Federal Rule of Civil Procedure 14 and Local Rule 14.1. Consider the following:

1.	It is now a year-and-a-half after their Answer was filed, well beyond the time periods prescribed in Fed.R.Civ.P. 14 and Local Rule 14.1 (ninety (90) days).

2.      Defendants seek to join ARCO, a former landowner of the property. This fact is publicly known as indicated by the attached exhibit to Plaintiff's response hereto. The deed, on file in Norristown, Pennsylvania, tells the world that ARCO owned this property in 1959. Defendants could have ascertained that information the day they received the Complaint. Plaintiff was able to discover that; as noted, Plaintiff has already resolved its differences with ARCO. The information was not hidden; it was not yet to be ascertained by an expert; the information was a matter of public record.

3.      Defendants therefore cannot possibly meet the standard of Local Rule 14.1 which requires a reasonable diligence. It is respectfully submitted that reasonable diligence, or minimal diligence, would have directed that these Defendants ascertained the existence of ARCO within ten (10) days as required by Rule 14 and thus Defendants cannot possibly be entitled, pursuant to Local Rule 14.1, to join ARCO.

4.      As to Atlantic Petroleum, it is respectfully noted that the very discovery which took place on February 19, 2004, which provided insufficient information about Atlantic Petroleum (the individual deposed was not an officer; all we know is that Atlantic Petroleum was bankrupt) could have been discovered in the first four (4) months of discovery which took place last year. Again, Defendants simply have not met their burden of moving, with reasonable diligence.

## CONCLUSION

As noted above, more than eighteen (18) months have passed since the filing of Defendant's Answer. One additional defendant, ARCO, was known as a matter of public record at that time and another additional defendant, Atlantic Petroleum, is still not known to exist. Defendants are free to proceed independently against ARCO and an unknown entity. What

SXK/8066/3/420341_1

Defendants should not be able to do is to tie up Plaintiff further, since Plaintiff has already been subject to an eighteen (18) month delay, has completed its discovery and is ready to go to trial.

Defendants motions unduly complicate this matter for no reason whatsoever. Remember, Plaintiff has suffered damaged caused by the Defendants because it was not able to act promptly and efficiently when the tanks were discovered in 1992. Plaintiff's damages from the Defendants are caused by the fact that Plaintiff was unaware of the existence of the tanks in 2000, not necessarily by the fact that there were tanks underground. The damages caused by ARCO, with whom Plaintiff has resolved, have nothing to do with these damages.

WHEREFORE, it is respectfully submitted that Defendants' Motion be denied.

Respectfully submitted,

KAPLIN STEWART MELOFF REITER & STEIN, PC

BY: _____
     Steven Kapustin
     Attorneys for Plaintiff
     350 Sentry Parkway, Building 640
     Blue Bell, PA 19422
     (610) 941-2662

Dated: March _____, 2004