# EXHIBIT "J"

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement"), effective May 1, 2002, is among and between Atlantic Richfield Company, a Delaware corporation ("ATLANTIC RICHFIELD"), Charles E. Pappas, M.D., The Executive Car Wash of Maple Glen, Inc., a Pennsylvania corporation, successor to Maple Glen Jiffy Wash, Inc., a Pennsylvania corporation, and their respective heirs, legal representatives, successors, transferees and assigns (individually and collectively "Releasors" or "the Releasors"). As used in this Agreement, ATLANTIC RICHFIELD and the Releasors may be referred to as the "parties" collectively.

RECITALS

WHEREAS, The Executive Car Wash of Maple Glen, Inc., successor to Maple Glen Jiffy Wash, Inc., is the previous owner of certain real property located at 601 Welsh Road, also known as 400 Limekiln Pike, Upper Dublin, Pennsylvania, more particularly described in Attachment "A" attached hereto ("Property"); and

WHEREAS, the Property previously was owned by ATLANTIC RICHFIELD and used for the sale of ARCO-branded petroleum products; and

WHEREAS, Releasors have removed underground storage tanks from the Property, and have performed environmental assessment, remediation and monitoring activities to their satisfaction and the satisfaction of applicable governmental agencies (the "Work"); and

WHEREAS, Releasors have made a claim against ATLANTIC RICHFIELD for the costs associated with the Work; and

WHEREAS, in order to avoid the expense, delay and uncertainty of litigation, ATLANTIC RICHFIELD and Releasors are entering into this Agreement to settle all claims that Releasors parties may have against ATLANTIC RICHFIELD without any admission of liability or fault on the part of either ATLANTIC RICHFIELD or Releasors.

## AGREEMENT AND RELEASE

NOW THEREFORE, intending to be legally bound, and in consideration of their mutual covenants and representations as set forth herein, the parties agree as follows:

1. **Recitals.**

The Recitals set forth above and the definitions given therein are incorporated herein as part of this Agreement.

2. **Scope of Agreement.**

By this Agreement, the parties compromise and settle all claims they may have against each other, including but not limited to all claims related to soil and groundwater contamination, if any, that is present on or that has migrated from the Property, except as provided in Paragraph 4(d).

3.     Payment.

Within 30 (Thirty) days of the date of final execution of this Agreement, ATLANTIC RICHFIELD shall pay to Releasors the sum of $99,000 (Ninety-nine Thousand Dollars). Such payment shall be made by check payable to "Flamm, Boroff & Bacine, attorneys for Charles E. Pappas" and delivered to Steven Kapustin, Flamm, Boroff & Bacine, 925 Harvest Drive, Suite 220, Blue Bell, PA 19422. Releasors certify that their federal tax identification number is 23-2864510.

4(a).    Releases of Claims.

Except as provided in Paragraph 4(d), Releasors, for themselves and their past and present employees, agents, heirs, successors, transferees and assigns, hereby release and forever discharge ATLANTIC RICHFIELD, its subsidiaries, divisions, affiliated corporations, past and present, and their former or current dealers, lessees, tenants, trustees, officers, directors, employees, agents, shareholders, successors, transferees and assigns ("Releasees"), of and from any and all claims, liabilities, losses, demands, actions, causes of action, proceedings, costs or attorneys' fees, of any kind or nature whatsoever which Releasors now have, ever had or may in the future have, whether known or unknown, suspected or unsuspected, which arise from or pertain in any way to the Property, including but not limited to: (1) the operations of Releasees on the Property, (2) the presence of petroleum products or

contamination on the Property or offsite of the Property, 3) the presence on the Property of underground tanks, underground piping, or other equipment, or (4) the Work.

The claims released by Releasors under this Agreement are hereafter referred to as "Released Claims".

4(b). <u>Effect on Judgments and Settlements</u>.

Releasors hereby agree that any judgment or settlement obtained by any of them against or with any person or entity not a party to this Agreement on any claim arising from or pertaining in any way to the Property, including but not limited to (1) the operations of Releasees on the Property, (2) the presence of petroleum products or contamination on the Property or offsite of the Property, or (3) the presence on the Property of underground tanks, underground piping, or other equipment, or (4) the Work, shall be reduced in proportion to the *pro rata* share of liability of the Releasees for such claim. In any settlement of such claim, the Releasors shall require all parties to the settlement to execute in favor of the Releasees a release in the form of Paragraph 4(a) hereof.

4(c). <u>Covenant Not to Sue</u>.

It is the intent of the parties that all obligations and liabilities among them be entirely settled and released in accordance with the provisions of this Agreement. Accordingly, each party covenants and agrees that they shall neither

institute, cause, foster, maintain nor support against any other party hereto any lawsuit or other litigation, or any claim, notice of violation, citation, petition, order or other proceeding of whatever nature, pertaining to or arising directly or indirectly in connection with any matter released or settled in accordance with the provisions of this Agreement.

4(d). <u>Claim for Contribution</u>.

The Released Claims do not include a claim for contribution for an action brought by an adjacent property owner against Releasors arising from migration of petroleum products or contamination from the Property onto the adjacent property. Releasors reserve the right to assert such a contribution claim against ATLANTIC RICHFIELD.

5. <u>Unknown Facts</u>.

Releasors and ATLANTIC RICHFIELD acknowledge that they may hereafter discover facts different from, or in addition to, those which they know or believe to be true with respect to the subject matter of this Agreement and both agree that this Agreement, including without limitation, the releases contained herein, shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

6. <u>Confidentiality</u>.

The parties agree that neither Releasors nor ATLANTIC RICHFIELD or their agents or employees shall disclose, discuss with or disseminate to any other person or entity the terms of the Agreement, excepting the parties' attorneys or accountants or in a formal in-court proceeding brought by either ATLANTIC RICHFIELD or Releasors to enforce the provisions of this Agreement or in conjunction with a judgment or settlement as provided in Paragraph 4(b), or as otherwise required by law. If an action is brought by any party to enforce this Agreement, neither the parties nor their attorneys shall disclose or discuss this Agreement with the media, press, or public.

7. <u>Warranties of Releasors.</u>

Releasors hereby represent and warrant that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person, entity, corporation, partnership or any other type of association, any of the Released Claims, and that all persons or entities that performed the Work have been paid. Releasors further warrant and represent that The Executive Car Wash of Maple Glen, Inc. is the successor by articles of merger of Maple Glen Jiffy Wash, Inc.

8. <u>Facilitation</u>.

Releasors and ATLANTIC RICHFIELD agree that they will from time to time execute and deliver such further instruments or take

such further action as the other party may reasonably request to effectuate this Agreement.

9.  Nonwaiver.

Neither the Releasors' nor ATLANTIC RICHFIELD's failure to enforce the provisions of Paragraph 6 shall result in a waiver of its rights under that paragraph. In addition, should a waiver be found from a failure to enforce those rights, the waiver shall not result in a waiver of either Releasors' or ATLANTIC RICHFIELD's rights to enforce the provisions of Paragraph 6 relating to any subsequent breach.

10. Successors and Assigns.

This Agreement shall bind and inure to the benefit of the heirs, successors, transferees and assigns of Releasors and ATLANTIC RICHFIELD.

11. Survival of Rights and Obligations.

The Released Claims set forth in this Agreement do not apply to any rights or obligations arising out of this Agreement, and all such rights and obligations shall survive the execution of this Agreement.

12. Captions.

The captions to sections or subsections of this Agreement are solely for the convenience of the parties, are not a part of

this Agreement, and shall not be used for the interpretation or determination of the validity of this Agreement or any provision thereof.

13. <u>No Admission of Liability</u>.

Neither the obligations undertaken by ATLANTIC RICHFIELD or Releasors pursuant to this Agreement nor the execution by ATLANTIC RICHFIELD or Releasors of this Agreement shall be construed as an admission or concession by ATLANTIC RICHFIELD or Releasors of any liability or fault.

14. <u>Applicable Law</u>.

This Agreement shall be construed under the laws of the Commonwealth of Pennsylvania.

15. <u>Ambiguities</u>.

The parties hereto expressly waive any common law or statutory rule of construction that ambiguities should be construed against the drafter of this Agreement, and agree that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning.

16. <u>Notice</u>.

A written notice or communication sent pursuant to this Agreement may be sent via first class mail to ATLANTIC RICHFIELD at: 333 South Hope Street, Los Angeles, CA 90071; and to

Releasors at: Flamm, Boroff & Bacine, 925 Harvest Drive, Suite 220, Blue Bell, PA 19341.

    17. <u>Entire Agreement</u>.

This Agreement contains the entire understanding and agreement of the parties with respect to the subject matter hereof. There has been, is and will be, no representation, covenant, or undertaking other than those expressly set forth in this Agreement. Releasors hereby acknowledge and represent that in releasing, discharging and settling certain claims and in executing and entering into this Agreement, neither ATLANTIC RICHFIELD nor any agent, attorney, employee or representative of ATLANTIC RICHFIELD has made any promise, representation, warranty, covenant, warning or inducement whatsoever, express or implied, except as contained in this Agreement, concerning all or any part of the subject matter hereof, to induce Releasors to execute this Agreement. Releasors hereby acknowledge and represent that they have not executed this Agreement in reliance upon any promise, covenant, representation, warranty, warning or inducement not specifically contained in this Agreement. Releasors hereby acknowledge and represent that they have read and understand this Agreement and each and every term of this Agreement, and have reviewed or have had the opportunity to review this Agreement with legal counsel.

18. <u>Third Party Beneficiaries.</u>

Except as otherwise provided herein, this Agreement is for the benefit of the parties hereto, and shall not create any rights as a third party beneficiary in any person or entity not a party to this Agreement. The parties do not waive any rights they may have against any person or entity not a party to this Agreement.

19. <u>Authority to Execute</u>.

Each party represents that any individual who has executed this Agreement on its behalf has been duly authorized by that party to sign this Agreement.

20. <u>Integration and Amendment</u>.

This Agreement supersedes all prior agreements or understandings, written or oral, among the parties with respect to the subject matter hereof. Furthermore, this Agreement may be amended from time to time only by a written instrument executed by ATLANTIC RICHFIELD and the Releasors.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date and year above first written.

Charles Pappas, M.D.

_[signature]_

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF __Montgomery__

On this __13th__ day of __May__, 2002, before me, a notary public in and for the State and County aforesaid, personally appeared Charles Pappas, to me personally known and known to me to be the same persons described in and who executed the within instrument as their voluntary acts and for the purposes therein contained.

_____
Notary Public

_____
The Executive Car Wash of Maple Glen, Inc.

NOTARIAL SEAL
Deborah F. Boyles, Notary Public
Whitpain Township, County of Montgomery
My Commission Expires Dec. 8, 2003

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF __Montgomery__

On this __13th__ day of __May__, 2002, before me, a notary public in and for the State and County aforesaid, personally appeared __Charles Pappas__, to me personally known to be the person whose name is subscribed to the within instrument, and who acknowledged that he is the __President__ of The Executive Car Wash of Maple Glen, Inc., and that he executed the same on behalf of said corporation, being duly authorized to do so by corporate resolution as the voluntary act of said corporation and for the purposes therein contained.

_____
Notary Public

_____
Atlantic Richfield Company

NOTARIAL SEAL
Deborah F. Boyles, Notary Public
Whitpain Township, County of Montgomery
My Commission Expires Dec. 8, 2003

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF __Chester__

On this __10th__ day of __May__, 2002, before me, a notary public in and for the State and County aforesaid, personally appeared __WALTER HUFFARD__, to me personally known to be the person whose name is subscribed to the within instrument, and who acknowledged that he is the

_____*MANAGER*_____ of Atlantic Richfield
Company, and that he executed the same on behalf of said
corporation, being duly authorized to do so by corporate
resolution as the voluntary act of said corporation and for the
purposes therein contained.

_____
Notary Public

**NOTARIAL SEAL**
Monica D. Close, Notary Public
Uwchlan Twp., Chester County
My Commission Expires Jan. 12, 2006

ATTACHMENT 'A'

BEGINNING at a steel pipe set at the intersection of the southwesterly side of Welsh Road (45 feet wide) with the southeasterly side of Limekiln Pike (50 feet wide); extending thence (1) along the said southwesterly side of Welsh Road South 42 degrees 03 minutes 20 seconds East 200 feet to a steel pipe; thence (2) at right angles to Welsh Road and along line of other land of Levinia K. Simmers and Edwin H. Simmers South 47 degrees 56 minutes 40 seconds West 93.38 feet to a steel pipe; thence (3) still along line of other lands of Levinia K. Simmers and Edwin H. Simmers North 82 degrees West 93.38 feet to a steel pipe set in the said southeasterly side of Limekiln Pike; and thence (4) along said southeasterly side of Limekiln Pike North 8 degrees East 200 feet to the steel pipe at the first mentioned point and place of BEGINNING.