IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EXECUTIVE CAR WASH OF MAPLE | : | |
| GLEN | : | CIVIL DOCKET NO. |
| | : | |
| | : | |
| v. | : | 02-CV-3747 |
| | : | |
| ENVIRONMENTAL, INC., ET AL. | : | |

**MEMORANDUM & ORDER**

**Surrick, J.**                                                    **April 14, 2004**

Presently before the Court are Defendants' Petition for Leave to Join Additional

Defendants, Atlantic Petroleum Technologies, Inc. and ARCO[1] (Doc. No. 29), and Defendants'

Motion to Extend Discovery Deadlines (Doc. No. 29).[2]  For the following reasons, Defendants'

Petition for Leave will be denied, and Defendants' Motion to Extend Discovery will be granted

in part.

**I.    FACTS**

In December 1992, Plaintiff, Executive Car Wash of Maple Glen, hired Environmental

Hazard Services, Inc. ("Hazard")[3] to conduct an environmental site assessment of a property it

was interested in purchasing, located at Limekiln Pike and Welsh Road in Maple Glen,

Pennsylvania.  According to Plaintiff, Defendants found only a "small underground heating oil

---

[1] ARCO is also known as Atlantic Richfield.

[2] It appears that both documents were inadvertently docketed under both docket number
29 and docket number 30.

[3] Plaintiff alleges that Environmental, Inc. ("Environmental") is the successor company
to Hazard.  (Jt. Case Report at ¶ A.)

storage tank" and represented that "soil contamination was within acceptable limits." (Compl. at ¶¶ 10-11.) Plaintiff claims that it did not discover three underground gasoline storage tanks until it attempted to sell the property in the Fall of 2000. (Id. at ¶ 14.) In preparing to sell the property, Plaintiff hired Environmental to conduct a second evaluation. It was during this second assessment, conducted in October 2000, that Environmental discovered the three gasoline tanks and soil contamination. Plaintiff claims that it could not have discovered the tanks prior to this assessment. (Id. at ¶¶ 16-17.) On June 13, 2002, Plaintiff brought the instant lawsuit, alleging that Defendants were negligent in failing to discover the three underground gasoline tanks located on Plaintiff's property. Plaintiff claims that as a result of Defendants' failure to identify the tanks, the tanks leaked and caused Plaintiff to incur the costs of clean up. In addition, Plaintiff alleges that the leak caused considerable delay in the sale of the property. (Jt. Case Report at ¶ A.) Plaintiff's Complaint alleges Breach of Contract, Negligence, Professional Malpractice, and Negligent Misrepresentation.

On August 19, 2002, Defendants filed a Third Party Complaint, seeking to join Atlantic Petroleum Technologies, Inc. ("Atlantic"), as a third party defendant.[4] (Doc. No. 3.) On October 30, 2002, we entered an Order noting that a response to the Third Party Complaint had not been filed, and stating that if a request for a default was not filed by November 18, 2002, that we would consider dismissing the case against the Third Party Defendant for lack of prosecution. (Doc. No. 5.) On March 5, 2003, we entered a second Order noting the lack of activity as to the Third Party Defendant and directing Defendants to "advise the Court no later than March 14, 2003 of the status of Atlantic Petroleum Technologies, Inc. in this litigation." (Doc. No. 9.) We

---

[4] Atlantic was Defendants' subcontractor who, according to Defendants, "was responsible for searching for underground storage tanks using a ferro-magnetic locating device." (Defs. Environmental and Hazard's Mot. to Extend Discovery Deadlines at ¶ 7.)

also warned Defendants that failure to do so would "result in an Order ... dismissing Atlantic Petroleum Technologies, Inc. from this case." (Id.)  On March 18, 2003, we entered an Order dismissing Atlantic as a Third Party Defendant with prejudice.  (Doc. No. 10.)

On March 28, 2003, we entered a Scheduling Order instructing Defendants to file all third party complaints prior to April 14, 2003.  On April 14, 2003, Defendants filed a motion requesting ten days to file a Third Party Complaint against Atlantic.  (Doc. No. 12.)  We granted Defendant's Motion, and on April 21, 2003, Defendants filed a Third Party Complaint against Atlantic.  (Doc. No. 15.)  According to Defendants, this Third Party Complaint was subsequently "withdrawn after former counsel for the Defendants could not ascertain a proper address to serve the Third Party Complaint."  (Pet. for Leave of Ct. to Join as Additional Defs. Atlantic and ARCO at ¶15.)  Defendants now seek to join Atlantic and ARCO[5] as third party defendants, and additionally request an additional ninety-day extension of discovery deadlines.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 14, a defendant, as a third-party plaintiff, may serve a third party complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." FED. R. CIV. P. 14.  If the third-party plaintiff files the third-party complaint not later than ten days after answering the original complaint, the third-party plaintiff need not obtain leave to serve the third-party defendant.  Id.  Local Rule 14.1 of the United States District Court for the Eastern District of Pennsylvania limits the reach of Rule 14 by imposing a time limit for bringing such a request.  Local Rule 14.1 states, in part:

---

[5] ARCO owned the gasoline service station previously located on the property in question.

**Time of Motion to Join Third Party.**

(a)   Applications pursuant to Fed.R.Civ.P. 14 for leave to join
      additional parties after the expiration of the time limits
      specified in that rule will ordinarily be denied as untimely
      unless filed not more than ninety (90) days after the service
      of the moving party's answer.  If it is made to appear, to the
      satisfaction of the Court, that the identity of the party
      sought to be joined, or the basis for joinder, could not, with
      reasonable diligence, have been ascertained within said
      time period, a brief further extension of time may be
      granted by the Court in the interests of justice.

LOCAL R. OF CIV. P. E.D.PA. 14.1.

## III.    DISCUSSION

### A.    Joinder of Third Party Defendants

In considering Defendants' Motion, we must consider: "(1) the timeliness of the motion;

(2) the potential for complication of issues at trial; (3) the probability of trial delay; and (4)

whether the plaintiff may be prejudiced by the addition of parties." Atlantic Mut. Ins. Co. v.

Champion Bus, Inc., Civ.A. No. 00-3131, 2001 WL 179878, *1 (E.D. Pa. Jan. 9, 2001).  As

stated, a motion to join third party defendants is untimely if not filed within ninety days of the

moving party's answer.  In the instant case, Defendants filed their Answer on August 8, 2002,

and filed the instant request to join Atlantic and ARCO on February 24, 2004, more than fifteen

months after the ninety-day time limit.  While we acknowledge that the application of the

temporal guideline in Local Rule 14.1 is subject to the Court's discretion, we find that a fifteen-

month delay is excessive, especially in light of our previous two decisions to permit Defendants

to join Atlantic as a third party defendant.

Defendants argue that the delay is excusable because it was only during the course of the

second discovery period, in deposing John Secker, a former Atlantic officer, that Defendants

were able to ascertain "the needed information to properly serve Additional Defendant Atlantic."[6] (Defs.' Mem. of Law in Supp. of Pet. for Leave of Ct. to Join Atlantic and ARCO as Additional Defs. at unnumbered 4.)  We are simply not persuaded that Defendants have demonstrated that reasonable diligence would not have resulted in the address of a company that formerly operated as one of Defendants' own subcontractors and whose identity was, at least partially, known from the start of litigation.  Defendants were aware of Atlantic's existence on August 19, 2002, when they first sought to join Atlantic as a defendant, and then again on April 21, 2003, when we granted Defendants' second request for leave to join Atlantic.[7]  Now, more than fifteen months after the filing of the Answer, Defendants cannot claim that Atlantic's identity has only recently been ascertained.

As to ARCO, Defendants again argue that only during the course of discovery did it become apparent that Defendants would need to join ARCO as a defendant.  Defendants claim that during discovery they learned that "ARCO formerly maintained a service station upon the plaintiff's property, and ... maintained the underground storage tanks in question."  (Defs.' Mem. of Law in Supp. of Pet. for Leave of Ct. to Join Atlantic and ARCO as Additional Defs. at unnumbered 5.)  Defendants also claim that it was only during the course of discovery that they learned that Plaintiff had entered into a settlement agreement with ARCO for damages to the

---

[6]  Parties were initially given 120 days for discovery.  Then, upon Defendants' request, we granted an additional ninety-day discovery period which ended on February 24, 2004, the same day that Defendants filed the instant Motion.

[7]  We note that Defendants state that "[a]t all times material hereto, Additional Defendant Atlantic was contracted by Defendants...."  (Pet. for Leave of Ct. to Join as Additional Defendants Atlantic and ARCO at ¶ 5.)  It is therefore clear that Defendants were aware of Atlantic's existence prior to the filing of the Complaint in June 2002.

property in question.  However, we conclude that reasonable diligence within ninety days of filing the answer would have led Defendants to this information, especially in light of the fact that a simple title search would have identified ARCO as the previous owner of the service station.

Finally, Defendants claim that their delay was due to the fact that new counsel entered an appearance on their behalf and needed time to be brought up to speed.  However, this change in counsel, the second such change for Defendants, did not occur until the lawsuit was in its seventeenth month, and, as stated, reasonable diligence would have brought this information to light within the initial ninety-day period.  Accordingly, we cannot agree that Defendants' claims provide sufficient explanation for the excessive untimeliness of their Motion.

We also find that joining Atlantic and ARCO has potential to complicate the issues at trial.  Defendants themselves explain that "[t]he issues in this case are extremely complex" and, as Defendants have identified, adding two third-party defendants will require a jury to not only address "issues regarding the Storage Tank and Spill Prevention Act," but also "liability under theories of agency and respondeat superior."  (Defs. Environmental and Hazard's Mot. to Extend Disc. Deadlines at ¶ 9.)  As to the probability of delay, adding Atlantic and ARCO will certainly result in yet another delay in this lawsuit.  In light of the previous extensions that we have granted Defendants, we cannot agree that another lengthy delay is appropriate.  Nearly twenty-two months have passed since Plaintiff filed its Complaint, and discovery has only recently closed after two lengthy discovery periods and a period of time in civil suspense.  Accordingly, Plaintiffs argue, and we agree, that the type of delay that would come from joining third party defendants would prejudice Plaintiff's interest in seeking a resolution to this lawsuit.

We are aware of Defendants' arguments that the goal of Rule 14 is to "avoid circuity of action and multiplicity of litigation." <u>Hellauer v. NAFCO Holding Co.</u>, Civ.A. No. 97-4423, 1998 WL 352585, *2 (E.D.Pa. June 12, 1998).  However, in balancing the preceding considerations, we cannot conclude that granting Defendants' request would promote this goal.  Accordingly, we will deny Defendants' Motion as it relates to joining Atlantic and ARCO as third party defendants.  An Amended Scheduling Order is forthcoming.

### B.    Discovery Deadline

On the last day of the second discovery period, Defendants filed the present request to move the close of discovery from February 24, 2004, to May 24, 2004.  Defendants base their request primarily on the claim that "discovery has yielded extensive information regarding plaintiff's alleged damages, and other potential parties who may be wholly or partially responsible for the damages to Plaintiff's property."  (Defs. Environmental and Hazard's Mot. to Extend Discovery Deadlines at ¶ 7.)  Defendants also claim that, as of February 24, 2002, there were still numerous outstanding discovery requests.  In light of these claims, we will permit Defendants an additional thirty days from the date hereof to complete discovery.  Further requests for extensions will not be permitted.  Parties will be permitted to file supplements to the Motion for Summary Judgment and Response thereto, should it be necessary at the close of discovery.

## IV.    CONCLUSION

For the foregoing reasons, we will deny Defendants' Petition for Leave of Court to Join as Additional Defendants Atlantic Petroleum Technologies, Inc. and ARCO, and we will grant Defendants thirty days from the date hereof for additional discovery.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EXECUTIVE CAR WASH OF MAPLE            :
GLEN                                   :          CIVIL DOCKET NO.
                                       :
                                       :
                    v.                 :          02-CV-3747
                                       :
ENVIRONMENTAL, INC., ET AL.            :


## **O R D E R**

AND NOW, this 14th day of April, 2004, upon consideration of Defendants' Petition for

Leave to Join Additional Defendants, Atlantic Petroleum Technologies, Inc. and ARCO, (Doc.

No. 29), and Defendants' Motion to Extend Discovery Deadlines, (Doc. No. 30), and all papers

filed in support thereof and opposition thereto, it is ORDERED that:

1.     Defendants' Petition for Leave to Join Additional Defendants is DENIED;
       and

2.     Defendant' Motion to Extend Discovery Deadlines is granted in part.  All
       discovery shall be completed within 30 days of the date hereof.  No further
       extensions will be permitted.  An Amended Scheduling Order is
       forthcoming.

IT IS SO ORDERED.

                                         BY THE COURT:


                                         _____
                                         R. Barclay Surrick, Judge