IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# 744-70849

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN : <br> : <br> v. : <br> : <br> ENVIRONMENTAL, INC. : <br> : <br> and : <br> : <br> ENVIRONMENTAL HAZARD SERVICES, INC. : <br> : | NO. 02-CV-3747 |

DEFENDANTS' SUR REPLY TO PLAINTIFF'S ANSWER TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.  **LEGAL ANALYSIS**

   A.  **Notwithstanding plaintiff's answer to defendants' Motion for Summary Judgment, plaintiffs still have not established any alleged negligence on the part of defendants that proximately caused the damages plaintiff allegedly suffered.**

Proximate or legal causation exists where a defendant's wrongful conduct is a "substantial factor" in causing plaintiff's harm. Rabutino v. Freedom State Realty Co., Inc., 809 A.2 933, 941 (Pa. Super. 2002). When the relevant facts are not in dispute and the remoteness of the causal connection between the negligence and the injury clearly appears, the issue of proximate cause is one of law for the court to determine. Cotter v. Bell, 208 A.2d 216, 218 (1965).

In regards to the alleged contamination and remediation, plaintiff has not demonstrated in its response that defendants' alleged failure to find the underground storage tanks actually caused, or further exacerbated, the contamination of the property in question. Plaintiff failed to provide an expert report opining that defendants' actions/inactions caused such an effect. As a result, in the absence of any evidence whatsoever, reasonable minds would not disagree that defendants'

allegedly negligent act was not the proximate cause of the contamination of the property and/or the costs associated with remediation.[1]

As for property devaluation, lost rents and lost profits, neither party disputes the fact that there were underground gasoline storage tanks present upon the property which were allegedly unknown to the owners.  It is inarguable that if these tanks were to be found at the time of the first Phase One in 1992, the property would have devalued anyway and during the remediation process, plaintiff would have lost rents and profits as a result of the temporary shutdown of the car wash present upon the property.  **A review of the record demonstrates that it is devoid of any testimony, expert report and/or documentation demonstrating that lost rents and profits in 1992 would have been any less than they were in 2001.**  Such evidence would provide the Plaintiff for the basis of a damages award which are the proximate result of the defendants' supposed negligent conduct.  As it stands now, plaintiff alleges that defendants should be wholly responsible for property devaluation and lost rents and profits, when evidence exists that these damages would have existed whether the tanks were found or not.  As a result, plaintiff has failed to establish that defendants' alleged negligence was the proximate cause of any damages allegedly suffered by the plaintiff.

In this same vein, it is submitted that plaintiff's damages in this instance are purely speculative in nature and wholly unsupported by any evidence in the record.  Case law reveals that "Damages are considered remote or speculative only if there is uncertainty regarding the existence of the damages, not if there is uncertainty concerning the precise calculation of the damages." The Birth Center v. St. Paul Companies, Inc., 727 A.2d 1144 (Pa. Super. 1999); *affd.* 787 A.2d 376 (2001).

---

[1] It is important to note that Plaintiff does not dispute the fact that Defendants in this instance do not bear liability for the clean up costs associated with the contamination of the property.  Page 8 of plaintiff's memorandum of law states specifically "Plaintiff recognizes that the underlying costs in1992 may not have been the Defendants' responsibility.  In fact, as Defendants have noted, Plaintiff has sought and received compensation for essentially that underlying cleanup." Such an admission also demonstrates that Plaintiff has not demonstrated damages in this instance.

PH076665.1

In the case at hand, plaintiff has provided no evidence regarding lost rents and/or lost profits, even though specific documentation of damages was requested by defendants in defendants' Request for Production of Documents attached hereto as **Exhibit "A"**. Furthermore, plaintiff provided no testimony regarding these damages nor an expert report opining to their existence. As a result, summary judgment in favor of the defendants is appropriate.

B.    <u>Plaintiff has not demonstrated any damages under contract law.</u>

Plaintiff attempts to justify its breach of contract claim by stating plaintiff is entitled to expectation damages. Section 344 of the Restatement Second of Contract sets forth the purpose of remedies under contract law. In particular, subsection (a) of section 344 states that "Expectation interest ... is [the plaintiff's] interest in having the benefit of his bargain by being put in as good a position as he would have been in had the contract been performed."

Plaintiff has not demonstrated how his position would have been any different from what it was in 2001, if defendants actually found the underground storage tanks in question. It is obvious that plaintiff's property would have devalued anyway and plaintiff would still have had to pay for the removal of the tanks and remediation of the contamination. **Also, plaintiff has failed to provide an expert report which opines as to the property devaluation or differences in remediation costs from 1992 until 2001**. As a result, plaintiff failed to demonstrate any cognizable damages, expectation or otherwise, as a result of defendants' alleged breach.

C.    <u>Summary judgment should also be granted in favor of the defendants because defendants bear no liability as a result of applicable agency doctrines.</u>

Plaintiff's legal arguments regarding agency are completely unsupported by either statute or case law. In fact, the case law cited by plaintiff's counsel has nothing to do with agency, leaving all arguments espoused by plaintiff without any legal foundation whatsoever. For example both <u>Hoffner v. Bergdoll</u>, 164 A. 607 (1933) and <u>Bartek v. Grossman</u>, 52 A.2d 209 (1947) are cases dealing with plaintiff's duty of care in premises liability actions, and maintain no factual legal

PH076665.1

similarities with this case. Attached are the true and correct copies of <u>Hoffner v. Bergdoll</u> and <u>Bartek v. Grossman</u> as **Exhibit "B"**.

As a result of plaintiff's lack of legal analysis or reasoning, summary judgment in favor of defendants is appropriate. Plaintiff had an opportunity to properly join Atlantic Petroleum Technologies, Inc., the corporation who performed the Fero Magnetic search for the underground storage tanks, as well as ARCO, who maintained the original gas station upon the property. Furthermore, allowing defendants in this matter to be subject to liability for the negligence of Atlantic Petroleum Technologies, Inc., a subcontractor, would be wholly contrary to existing case law. <u>See</u> <u>Juerbe v. City of Philadelphia</u>, 431 A.2d 1073, 1076 (Pa. Super. 1981). Plaintiff's settlement of this matter in a "confidential" settlement agreement with ARCO clearly demonstrates that plaintiff is simply seeking a windfall. Plaintiff has gained his settlement from one proper party. It should now be forced to seek compensation from the other and not the defendants in this matter.

## II.   <u>CONCLUSION</u>

For the above mentioned reasons summary judgment is appropriate in this instance in favor of the defendants.

MARKS, O'NEILL, O'BRIEN &
COURTNEY & P.C.

BY: /s/ Michael T. Hamilton
  Michael T. Hamilton, Esquire
  1880 John F. Kennedy Blvd., Suite 1200
  Philadelphia, PA 19103
  (215) 564-6688
  Attorneys for Defendants

PH076665.1

IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# 744-70849

| | |
|---|---|
| EXECUTIVE CAR WASH OF MAPLE GLEN : <br> : <br> v. : <br> : <br> ENVIRONMENTAL, INC. : <br> : <br> and : <br> : <br> ENVIRONMENTAL HAZARD SERVICES, INC. : <br> : | NO. 02-CV-3747 |

## CERTIFICATE OF SERVICE

I hereby certify that on this **11TH** day of **June, 2004** a true and correct copy of the foregoing **Defendants' Sur Reply to Plaintiff's Answer to Defendants' Motion for Summary Judgment** was served electronically on all parties of record.

                                                   MARKS, O'NEILL, O'BRIEN
                                                   & COURTNEY, P.C.


BY:  /s/ Michael T. Hamilton
        **Michael T. Hamilton, Esquire**
        1880 JFK Boulevard, Suite 1200
        Philadelphia, PA 19103
        215-564-6688
        Attorneys for Defendants

PH076665.1